Filed 2/3/25  In re Brody N. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re BRODY N., a Person Coming Under the Juvenile Court Law. | |
| | D083686 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J245280) |
| v. | |
| BRODY N., | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Tilisha Martin, Judge.  Affirmed.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Brody N. appeals a disposition order entered by the juvenile court after a contested hearing.  The court sustained allegations that Brody N. committed three counts of attempted murder (Pen. Code, §§ 664, 187,

subd. (a)) and four counts of assault with a semiautomatic firearm (*id.*, § 245, subd. (b)). It declared him a ward of the court (Welf. & Inst. Code, § 602, subd. (a)) and committed him to a secure youth treatment facility with a three-year baseline term of confinement and a maximum term of confinement of 13 years eight months.

Brody N.'s court-appointed appellate counsel filed a brief raising no arguable issues for reversal, but seeking our independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. We informed Brody N. of his right to file a supplemental brief, but he did not respond. Based on our independent review of the record, we find no reasonably arguable appellate issues. Therefore, we affirm the disposition order.

## FACTUAL BACKGROUND

One evening, J.M.'s mother picked him up from work and drove him to their shared apartment in Oceanside. When they arrived home, they encountered J.M's brother, E.M., and E.M.'s friend, A.S., standing outside at the back entrance to the apartment. J.M.'s mother started to walk inside while J.M., E.M., and A.S. remained outside.

Moments later, Brody N. and two other young men pulled up near the back gate of the apartment on an electric bike. One of the riders on the electric bike asked J.M., E.M., and A.S. where they were from. Immediately after, two of the riders shot at J.M., E.M., and A.S. J.M. was struck in the leg by a bullet, E.M. was struck in the neck by a pellet or shrapnel, and A.S. was struck in the thigh by a bullet or pellet. A bullet or shrapnel also grazed J.M. and E.M.'s mother on her side.

The most prominent criminal street gangs in Oceanside are Center Street Gang, Varrio Mesa Locos, Varrio Posole Locos, and Deep Valley

2

Bloods.  The shootings at issue occurred within a territory controlled by Center Street Gang.  Rich Player Gangers (RPG) is a relatively new group in Oceanside consisting of six to eight, or possibly more, teenagers and young adults.  Brody N. is a "key player" in RPG.  RPG is not presently considered a criminal street gang, but its members engage in criminal conduct consistent with the activities of a gang and it may someday be documented as one.  RPG is a rival to Center Street Gang and Varrio Mesa Locos.  In gang culture, the act of asking someone where they are from constitutes a challenge to a perceived rival gang member and often precedes an act of violence.

## DISCUSSION

Brody N.'s court-appointed appellate counsel filed a *Wende* brief indicating that counsel has not been able to identify any arguable issues for reversal and asking the court to independently review the record for error.  Counsel identified two potential issues to assist us in our review:  (1) whether the juvenile court erred by admitting gang evidence, notwithstanding the lack of any charged gang offenses or enhancements; and (2) whether the juvenile court abused its discretion by committing Brody N. to a secure youth treatment facility.

We have reviewed the entire record as required by *Wende* and *Anders*, and considered the issues identified by Brody N.'s counsel.  We conclude there is no arguable issue that would result in a reversal or modification of the disposition order.  Therefore, we affirm.  Competent counsel has represented Brody N. on this appeal.

3

## DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

IRION, J.